IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ROSIE M. JEFFERSON, | § | |
|     PLAINTIFF, | § | |
| | § | |
| V. | § | CASE NO. 3:20-CV-1770-M-BK |
| | § | |
| KIET TRAN, | § | |
|     DEFENDANT. | § | |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this case has been referred to the undersigned United States magistrate judge for pretrial management. Doc. 1. Now before the Court are the parties' cross-motions for summary judgment, Doc. 32; Doc. 37. For the reasons that follow, Defendant's motion for summary judgment, Doc. 32, should be **DENIED**, and Plaintiff's motion for summary judgment, Doc. 37, should be **GRANTED IN PART** as to Defendant's liability only.[1]

**I. BACKGROUND**

Relying on diversity jurisdiction, Plaintiff filed this *pro se* civil action against Defendant for injuries she allegedly sustained when she fell over broken sprinkler equipment while visiting her granddaughter who resides on Defendant's property. Doc. 13 at 1; Doc. 18 at 2. The parties filed the instant cross-motions for summary judgment pursuant to Federal Rule of Civil Procedure 56, and each has responded to the other's motion. Doc. 32; Doc. 37; Doc. 38; Doc.

---

[1] Because Plaintiff's summary judgment motion, Doc. 37, is largely redundant of her response to Defendant's summary judgment motion, Doc. 38, the Court consolidates Plaintiff's arguments and only separately addresses her motion for summary judgment as necessary.

39. Defendant subsequently filed a motion to strike Plaintiff's initial disclosures and Exhibits C-G pursuant to Federal Rule of Civil Procedure 37 and Local Civil Rule 7.1. Doc. 40.[2]

## II. APPLICABLE LAW

Summary judgment shall be granted when the record "shows that there is no genuine dispute as to any material fact" and that the moving party is "entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986). A dispute regarding "a material fact is genuine . . . if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When ruling on a motion for summary judgment, the court is required to "view all facts and inferences . . . in the light most favorable to the nonmoving party" and resolve all disputed facts in favor of the nonmoving party. *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005) (citation omitted). Once the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary judgment evidence showing the existence of a genuine dispute of material fact. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

## III. ANALYSIS

### A. Parties' Objections to Affidavits

As an initial matter, Defendant objects to the content of Plaintiff's affidavit as inadmissible. Moreover, the parties have filed competing affidavits of Defendant in support of

---

[2] Because the Court did not consider the challenged materials in conjunction with its review of the motions *sub judice*, *Defendant Kiet Tran's Motion to Strike*, Doc. 40, is contemporaneously **TERMINATED AS MOOT**.

their respective motions and responses, and each objects to the other's version. Thus, the Court first resolves evidentiary issues related to the affidavits.

### 1. Plaintiff's Affidavit

Defendant objects to the Court's consideration of Plaintiff's affidavit [Doc. 37-1 at 6-8; Doc. 38-1 at 8-10], because it purportedly (1) contains inadmissible hearsay statements, medical opinions and legal conclusions of lay witnesses, irrelevant statements, information related to Defendant's homeowner's insurance policy and the parties' settlement discussions, unauthenticated statements, and self-serving and uncorroborated testimony; (2) makes improper requests of the Court, such as asking it to "set mediation" for the parties; and (3) references evidence which is not in the record, including her medical bills. Doc. 39-1 at 10-13. Plaintiff maintains that she properly introduced her affidavit under "Federal Rules of Evidence 6(b)(1)(A)-(B)," Doc. 42 at 1.[3]

Evidence provided to support or dispute a summary judgment motion need not be in admissible form at this stage for the Court to consider it. *See Lee v. Offshore Logistical & Transp., L.L.C.,* 859 F.3d 353, 355 (5th Cir. 2017) *(*finding that evidence used to support or dispute a fact on summary judgment may be produced in a form which would not be admissible at trial as long as it could be reduced to an admissible form) (citations omitted)). Further, self-serving evidence may be considered when deciding a motion for summary judgment if it satisfies the requirements of Federal Rule of Civil Procedure 56. *See Guzman v. Allstate Assurance Co.*, 18 F.4th 157, 160-161 (5th Cir. 2021) (finding that "[e]vidence proffered by one side to . . . defeat a motion for summary judgment will inevitably appear 'self-serving,'" but as long as a

---

[3] No such rule exists.

self-serving affidavit satisfies Rule 56, it "may create fact issues even if not supported by the rest of the record.") (quoted case omitted).  Nevertheless,

> Unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence. *See Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir. 1994).  Likewise, hearsay evidence, unless it falls within a recognized exception, is not competent summary judgment evidence. *See Fowler v. Smith*, 68 F.3d 124, 126 (5th Cir.1995).

*Walker v. SBC Services, Inc.*, 375 F. Supp. 2d 524, 535 (N.D. Tex. 2005) (Lindsay, J.).

Consequently, Defendant's motion is granted in part to the extent that the Court excludes from its consideration those portions of Plaintiff's affidavit that fall outside of these rules, specifically, statements regarding (1) settlement discussions, (2) medical bills that are not in the record, and (3) any medical or legal conclusions.

### 2. Defendant's Affidavits

Defendant next argues that the Court cannot consider his affidavit dated August 2022 ("First Affidavit") because: (1) it is not based on his personal knowledge as Plaintiff's daughter drafted it; (2) he was not qualified to provide statements regarding medical and legal matters; (3) the affidavit contains inadmissible hearsay evidence, improper lay witness conclusions, references to settlement discussions, and irrelevant information; (4) English is not his primary language; (5) he lacks knowledge and experience of the American legal system; and (6) Plaintiff obtained his signature in "bad faith," as her daughter misrepresented the purpose of the affidavit and communicated with Defendant without his counsel present in violation of Texas Disciplinary Rule of Professional Conduct 4.02.  Doc. 39-1 at 6-10, 24-25; Doc. 39-2 at 3-4.  In support of his objections and to controvert his First Affidavit, Defendant proffers his September 2022 affidavit ("Second Affidavit").  Doc. 39-2 at 3-4.

Plaintiff argues that (1) she properly introduced Defendant's First Affidavit, (2) Defendant's First Affidavit is admissible under "Rule 60" and was not obtained in bad faith through an unauthorized communication, and (3) Defendant's Second Affidavit is not admissible as summary judgment evidence as it "could be considered fraud upon [the] court." Doc. 42 at 1-4. Upon review, the Court finds that both affidavits constitute competent summary judgment evidence.

As to the First Affidavit, the identity of the drafter is not germane because Defendant swore to its veracity. And if the Second Affidavit is to be believed, Defendant most assuredly did not draft it either, yet he does not contend that it is not based on his personal knowledge. Furthermore, while Defendant avers English is not his first language: (1) he does not assert that he *does not understand English*, (2) the Second Affidavit, like the First Affidavit, is in English, and (3) he signed both English language affidavits.

Moreover, Defendant's bad faith/misrepresentation argument is unsupported since the Texas disciplinary rules by definition apply to attorneys. *See* TEX. DISCIPLINARY R. PROF'L CONDUCT (no explicit application to *pro se* parties); *cf.* MODEL RULES OF PRO. CONDUCT R. 4.2 cmt. (AM. BAR ASS'N 1983) (stating that "parties to a matter may communicate directly with each other"). In any event, Defendant complains of contact with Plaintiff's daughter, rather than Plaintiff. Also, Defendant's objection to his own hearsay statements is frivolous since any hearsay statements in the First Affidavit clearly fall under an exception to the hearsay rule. *See* FED. R. EVID. 804 (declaring as admissible a hearsay "statement that . . . a reasonable person in the declarant's position would have made only if the person believed it to be true because, when made, it was so contrary to the declarant's proprietary or pecuniary interest or had so great a

5

tendency to invalidate the declarant's claim against someone else or to expose the declarant to civil . . . liability").

The Court also finds that Defendant's Second Affidavit constitutes competent summary judgment evidence, since Plaintiff's assertion that it could constitute "fraud," is conclusory and unsupported, and except as discussed in the foregoing section, provides no basis to conclude that the Second Affidavit falls short of the standard set forth in Federal Rule of Civil Procedure 56's affidavit standard. FED. R. CIV. P. 56(c)(4) (describing the requirements for an affidavit to be considered by a court when deciding a summary judgment motion). Moreover, to the extent that Plaintiff's fraud argument can be construed as asserting that the Second Affidavit should be disallowed under the so-called "Sham Affidavit Doctrine," that argument likewise fails. The Doctrine is inapplicable because Defendant's Second Affidavit is not "inherently inconsistent" with his First Affidavit. *See Seigler v. Wal-Mart Stores Tex., L.L.C.*, 30 F.4th 472, 477 (5th Cir. 2022) (finding that under the Sham Affidavit Doctrine, the bar to exclude affidavit evidence "is a high one, typically requiring affidavit testimony that is 'inherently inconsistent' with prior testimony.") (citation omitted). Again, in the Second Affidavit, Defendant does not contradict the relevant factual assertions in the First Affidavit, so much as offer excuses for his execution of it.

### B. Merits Analysis

#### 1. Premises Liability

A party injured on another's property may file either a negligence or a premises liability claim against the property owner, depending on the circumstances of the injury. *Occidental Chem. Corp. v. Jenkins*, 478 S.W.3d 640, 644 (Tex. 2016) (citation omitted). If the injury is due to the property's condition, rather than contemporaneous, negligent activity on the property,

premises liability principals apply. *Id.* (citation omitted).  As noted above, Plaintiff alleges that she was injured due to the condition of Defendant's property.  Thus, although her complaint is framed in terms of negligence, the Court liberally construes her claim as one for premises liability.[4]  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (providing that courts should liberally construe *pro se* pleadings).

In a premises liability action, an injured person is classified as either a trespasser, licensee, or invitee.  *Wilson v. Nw. Tex. Healthcare Sys., Inc.*, 576 S.W.3d 844, 850 (Tex. App.—Amarillo 2019, no pet.).  Whether an entrant is an invitee or a licensee depends on that person's purpose for entering the property.  *Motel 6 G.P., Inc. v. Lopez*, 929 S.W.2d 1, 3 (Tex. 1996).  Generally, an invitee is one who is invited onto the premises with the owner's knowledge and for his economic benefit.  *McClure v. Rich*, 95 S.W.3d 620, 625 (Tex. App.—Dallas 2002, no pet.).  Guests invited to a property for social purposes are generally regarded as licensees.  *Id.* at 624 (citing *Knorpp v. Hale*, 981 S.W.2d 469, 472 (Tex.App.—Texarkana 1998, no pet.)); *see Dominguez v. Garcia*, 746 S.W.2d 865, 867 (Tex. App.—San Antonio 1988, writ denied) (holding that "under Texas law, social guests are treated as licensees," not invitees, "for purposes of determining what duty is owed" to the guest).  Here, because there is no evidence of an economic benefit in connection with Plaintiff's visit, and the only evidence is that she was a guest of her granddaughter, Defendant's tenant, Plaintiff is classified as a licensee, rather than an invitee, as Defendant asserts.  *See* Doc. 32 at 5; Doc. 39-1 at 4..

In order to establish a premises liability claim, "a licensee must prove: (1) a condition of the premises created an unreasonable risk of harm to the licensee, (2) the owner or occupier had

---

[4] Consequently, Defendant's argument that Plaintiff improperly introduced her premises liability claim after the Court's deadline to amend pleadings passed, Doc. 39 at 2, is without merit.

actual knowledge of the condition, (3) the licensee did not have knowledge of the condition, (4) the owner or occupier failed to exercise ordinary care to protect the licensee from danger, and (5) the owner or occupier's failure was a proximate cause of injury to the licensee." *State Dep't of Highways & Pub. Transp. v. Payne*, 838 S.W.2d 235, 237 (Tex. 1992) (citing *State v. Tennison*, 509 S.W.2d 560, 561 (Tex. 1974)).

Defendant asserts that Plaintiff lacks competent evidence to establish the elements of her premises liability action. Doc. 32 at 5-6; Doc. 39-1 at 20-21. Specifically, in his Second Affidavit, Defendant claims he knew that one of his sprinklers was not working but lacked "firsthand knowledge" of the condition as he was not present at the time of the incident and has "not seen a picture or documentation of the area where [Plaintiff] fell." Doc. 39-2 at 4. Defendant also argues that he has no firsthand knowledge of the causes, existence, or extent of Plaintiff's fall-related injuries as his knowledge is based solely on what her family members have told him. Doc. 39-2 at 4. Importantly, however, Defendant's Second Affidavit does not *refute* the facts he admitted in his First Affidavit, including his statement against interest that he (1) "do[es] not dispute [his] liability in this matter;" (2) knew the sprinkler was in disrepair and dangerous, as evinced by his efforts to find someone to fix it; (3) let the sprinkler remain damaged for years because of other issues with the house; and(4) had a duty to repair the sprinkler to avoid any danger it could cause. Doc. 37-1 at 2-3. These admissions, in conjunction with Plaintiff's sworn statement that (1) the broken sprinkler was on Defendant's property; (2) Plaintiff did not see the broken sprinkler or the "deep hole" in which she fell before the incident; and (3) she suffered injuries as a result of the fall, establish that there is no genuine dispute as to any material fact" as to premises liability. Doc. 18 at 2 (Plaintiff's Answers to Magistrate Judge's Questionnaire); Doc. 38-1 at 8-10 (Plaintiff's Affidavit). Specifically, the

uncontroverted evidence conclusively establishes that (1) at the time in question, Plaintiff was a licensee on Defendant's property while visiting her granddaughter, Defendant's tenant; (2) a condition of the premises created an unreasonable risk of harm to Plaintiff, the licensee, to-wit: sprinkler equipment in disrepair; (3) Defendant, the owner of the property had actual knowledge of the condition, (4) Plaintiff, the licensee, did not have knowledge of the condition, (5) Defendant failed to exercise ordinary care to protect Plaintiff, the licensee, from danger, and (6) Defendant's failure was a proximate cause of injury to Plaintiff. *State Dep't of Highways & Pub. Transp. v. Payne*, 838 S.W.2d 235, 237 (Tex. 1992). On this evidence, Plaintiff is entitled to partial summary judgment in her favor as to the elements of the Texas claim of premises liability.

**2. Damages**

Plaintiff seeks $299,000 in damages plus post-judgment interest. Doc. 37 at 9. Plaintiff attempts to establish entitlement to this amount by averring that she incurred more than $100,000 in medical bills and by claiming that she attached "damages" and "documentation of medical treatment and related bills" to her affidavit and "Policy Demand." Doc. 38 at 6; Doc. 38-1 at 8. However, Plaintiff failed to attach any such information and, as discussed *supra*, otherwise provides no competent summary judgment evidence to establish her damages. *See Forsyth*, 19 F.3d at 1553 (requiring substantiated assertions for summary judgment review); *Clear Lake Ctr., L.P., v. Garden Ridge, L.P.*, 416 S.W.3d 527, 539 (Tex. App.--Houston [14th Dist.] 2013) (finding that at summary judgment, a plaintiff generally "bears the burden of proving his or her measure of damages."). Thus, Plaintiff's summary judgment motion should be **DENIED** as to the establishment and amount of monetary damages.

**IV. CONCLUSION**

9

For the foregoing reasons, Defendant's motion for summary judgment, Doc. 32, should be **DENIED**, and Plaintiff's motion for summary judgment, Doc. 37, should be **GRANTED IN PART** as to the elements of premises liability, but not as to damages.

**SO RECOMMENDED** on February 28, 2023.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), modified by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).